Tbe opinion of tbe Court was delivered by
O’Neall, J.
In this case it cannot be pretended tbat tbe note or due bill of Lafitte can be set up as a discount against tbe plaintiff. It is not between tbe same parties.
It is supposed, however, tbat it is quasi payment to tbe deceased Lafitte, who sold tbe plaintiff’s goods to tbe defendants. But it can have no such effect. For, if it bad been so regarded, there was no necessity for a due bill, its amount would have been deducted.
Tbe reason given by Grenville, tbe clerk of Lafitte, in tbe answer to tbe sixth cross-interrogatory, why tbe due bill was given, shows most clearly tbat thé amount, was not considered as a payment. Por be tells us it was given because tbe defendants were charged on tbe books with tbe proceeds of tbe bagging belonging to tbe plaintiff. This, as I understand *86 tbe proof, is tbe same as saying the defendants were to pay for tbe bagging to tbe owner Dortie, and Lafitte was to pay them bis own indebtedness.
In bis answer to tbe third cross-interrogatory, Mr. Grenville tells us, tbe bagging was sold by Lafitte for tbe plaintiff, not as an auctioneer, but as a commission merchant.
. In Atkinson vs. Teasdale, 1 Bay. 295, it was settled, as far back as 1798, that debts due by a factor cannot be set off' against tbe demand of tbe owner of tbe property sold by him.
According to this principle, tbe due bill could not be set off; or allowed, in any shape.
Tbe verdict deducting tbe due bill from tbe amount of tbe plaintiff’s demand is wrong.
Tbe motion for a new trial is therefore granted. .
WITHERS, Glover, and Munro, JJ., concurred.

Motion granted.